**Opinion issued October 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00824-CR

————————————

**GARRISON CHRISTOPHER MCCOY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1397913

## MEMORANDUM OPINION

Garrison Christopher McCoy was convicted of robbery and the jury assessed

his punishment at forty-eight years' confinement in TDCJ.  In a single point of

error, McCoy contends that the evidence is insufficient to support his conviction,

either as a principal actor or party to the offense.[1]  We affirm the trial court's judgment.

## Background

Taxicab driver, Jalil Alvandi, was flagged down for a fare by a young man and woman early one morning (about one-thirty). When he stopped, the young couple entered on the passenger side and a man that Alvandi had not seen before entered on the driver's side and sat directly behind him.  Alvandi identified this second young man as McCoy.

Alvandi drove the three passengers to an apartment complex and once there, McCoy got out of the cab to "check on his mom to see if she was in her apartment," while the young couple waited in the van.  After a few minutes, McCoy returned and began looking inside the van, under Alvandi's seat. Becoming suspicious, Alvandi told the trio that he had to leave, at which point McCoy stepped into the van, grabbed Alvandi from behind, locked his arms around Alvandi's throat and began choking him.  As Alvandi struggled, scared for his life and unable to breathe, the female passenger began "poking" Alvandi's

---

[1]  Because we hold that the evidence is sufficient to convict McCoy as a principal actor, we need not consider whether the evidence is also sufficient under law of the parties.  *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (holding that "when the trial court's charge authorizes the jury to convict on more than one theory . . . the verdict of guilty will be upheld if the evidence is sufficient on any one of the theories") (citing *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992)).

2

hands with a box cutter, and her companion took Alvandi's wallet, and forcefully removed the key from the van's ignition, causing the van's car alarm to go off and the trio of robbers to panic. At McCoy's "prompting," the second male also took Alvandi's cell phone. When the alarm went off, Alvandi handed "them" the $350 hidden in his sock before "they grabbed [his] lunch box" from between the seats, and fled on foot.

Alvandi's van was equipped with a camera that took still photographs of the robbery that were admitted into evidence at trial. Several photos show the young man identified as McCoy, sitting behind Alvandi with his arms locked tightly around Alvandi's throat, and Alvandi struggling to free himself. Alvandi positively identified McCoy at trial and from a photo array as the person who choked him.

## Discussion

In a single point of error, McCoy contends that the evidence is insufficient to support his robbery conviction as a principal because there is no evidence that he took any property from Alvandi.

### A. Standard of Review and Applicable Law

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we review the evidence in the light most favorable to the

verdict, and ask whether any rational fact-finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The jury is the sole judge of the credibility of witnesses and the weight to give testimony, and our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (noting appellate court may not re-evaluate weight and credibility of evidence produced at trial or otherwise substitute its judgment for that of trier of fact). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Canfield v. State*, 429 S.W.3d 54, 65 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). When faced with a record that supports conflicting inferences, a reviewing court must presume that the trier of fact resolved any such conflict in favor of the verdict, and defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

A person commits robbery if, while in the course of committing theft and with intent to obtain or maintain control of the property, he either (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or

4

knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a) (West 2011). The actual commission of the offense of theft, however, is not required to establish the offense of robbery. *See Bustamante v. State*, 106 S.W.3d 738, 740 (Tex. Crim. App. 2003); *see also Wolfe v. State*, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996); *Purser v. State*, 902 S.W.2d 641, 647 (Tex. App.—El Paso 1995, pet. ref'd). The requisite intent to rob may be inferred from circumstantial evidence, including a defendant's assaultive conduct. *See Young v. State*, 283 S.W.3d 854, 862 (Tex. Crim. App. 2009); *see also Purser*, 902 S.W.2d at 647 (stating that gravamen of robbery is assaultive conduct, not theft).

In this case, there was ample evidence from which the jury could have reasonably inferred that McCoy (1) intended to rob Alvandi, even if McCoy never actually took possession of Alvandi's property, or (2) took possession of Alvandi's property. The still photos and Alvandi's testimony that he feared for his life as McCoy choked him during the robbery are direct evidence of McCoy's assault and the jury could reasonably infer from this McCoy's intent to rob Alvandi. *See Young*, 283 S.W.3d at 862. Alvandi's testimony that McCoy urged the man who took Alvandi's wallet to also take his cell phone supports such an inference. Further, the jury could have reasonably inferred that McCoy was in *actual* possession of Alvandi's property based on Alvandi's testimony that he handed

5

"them" (i.e., McCoy and the other two passengers) the $350 in cash and that "they" grabbed his lunch box and fled on foot. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793 (stating that when faced with record that supports conflicting inferences, court must presume that factfinder resolved any such conflict in favor of verdict).

McCoy also submits that the indictment against him named "Terrence Jarmon" as the other male actor, but that the State's failure to identify him by name during the guilt/innocence phase at trial is a fatal variance of proof when compared with the indictment. Because we hold the evidence to be legally sufficient to support his conviction as a principal actor, this argument is without merit.

Reviewing the evidence in the light most favorable to the verdict and giving proper deference to the jury's role as factfinder, we hold that the jury could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See id.* at 319, 99 S. Ct. at 2789. We overrule McCoy's sole point of error.

**Conclusion**

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

6